18-148-cv
Smith v. Town of Ramapo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          GUIDO CALABRESI,
          DEBRA ANN LIVINGSTON,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
RAYMOND K. SMITH,

          Plaintiff-Appellant,

          -v.-                                    18-148

TOWN OF RAMAPO,

**Defendant-Appellee**.

- - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:           Michael H. Sussman, Sussman & Associates, Goshen, NY.

FOR APPELLEE:            Michael L. Klein, Town Attorney, (Dennis E. A. Lynch, Assistant Town Attorney), Town of Ramapo, Suffern, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Raymond K. Smith appeals from a judgment of the United States District Court for the Southern District of New York (Briccetti, J.) dismissing his disability discrimination action against the Town of Ramapo for failure to state a claim. The sole question on appeal is whether Smith's inability to perform the essential functions of his job at the time of the alleged discrimination forecloses his claim of discrimination under section 102(a) of the Americans with Disability Act ("ADA"). We assume the parties' familiarity with the underlying facts and procedural history.

Smith sustained a serious injury to his right shoulder while employed by Ramapo as a police officer. The "injury consisted of a torn labrum, torn rotator cuff and broken glenoid and has severely limited [Smith]'s ability to use his arm and shoulder and engage in a plethora of daily activities." JA 11. Treatments, including surgery, have failed to remedy Smith's limitations.

Because of the injury, Smith could no longer work as a police officer and Ramapo approved his disability status under New York General Municipal Law

2

§ 207-c, which provides for the payment of salary and medical expenses to a police officer "who is injured in the performance of his duties." N.Y. Gen. Mun. L. § 207-c.

Smith alleges that Ramapo treated him differently than nondisabled officers in violation of the ADA. After qualifying for section 207-c disability, Smith was not permitted to use vacation days he had previously accrued when working as a police officer; and, while disabled, Smith was unable to accrue new vacation time or to take bereavement leave.

The district court concluded that Smith failed to plead a necessary element of his ADA discrimination claim, namely that he was qualified to be a police officer at the time of the alleged discrimination. We agree.

We review de novo a dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We "accept as true all of the allegations contained in a complaint," but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment," 42 U.S.C. § 12112(a), including the provision of fringe benefits. See 42 U.S.C. § 12112(b)(4).

An individual is "qualified" if he "is able to perform the essential functions of that job, either with or without a reasonable accommodation." Shannon v. New York City Transit Authority, 332 F.3d 95, 99-100 (2d Cir. 2003); see 42 U.S.C. § 12111(8). "In other words, employers may not discriminate against people with disabilities that do not prevent job performance, but when a disability

3

renders a person unable to perform the essential functions of the job, that disability renders him or her unqualified." Stevens v. Rite Aid Corp., 851 F.3d 224, 229 (2d Cir. 2017). "Accordingly, one of the elements of a claim under the ADA is that an employee was 'qualified to perform the essential functions of his job, with or without reasonable accommodation.'" Id. (quoting Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006)).

Smith's injury severely limited the use of his arm and shoulder and left him unable to engage in many daily activities. Nowhere in his complaint does Smith plead that following his injury he could have performed the essential duties of a police officer, either with or without a reasonable accommodation. Smith's failure to plead that he was qualified to be a police officer is fatal to his claim.

Smith cites Castellano v. City of New York, 142 F.3d 58, 66 (2d Cir. 1998) to argue that because he was "qualified" to be a police officer at the time he earned certain benefits, he is entitled to those benefits under the ADA regardless of his ability to serve as a police officer at the time of the discrimination. But Smith misreads Castellano, and his claim was properly dismissed.

Castellano held that retired employees who were qualified to perform the essential functions of their jobs while employed remain entitled to receive post-employment benefits. Id. at 68. In general, the determination of whether a person is "qualified" should be made at the time of the discriminatory employment action. Id. at 67. Castellano created a narrow exception to the rule for post-employment benefits intended to be used by retirees. But Smith's claims are not about post-employment benefits, or any benefit used by a former employee. Nor does Smith allege that he was ultimately deprive of the value of any previously accrued benefit, such as a payout for his accumulated vacation days. Accordingly, Castellano's exception to the requirement a plaintiff be "qualified" does not apply.

Because he failed to plead that he was able to perform the essential duties of a police officer at the time of the alleged discrimination, Smith failed to state a claim for disability discrimination.

4

We have considered Smith's remaining arguments and find them to be without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK